" Second Amended Complaint

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE Eastern _____ DISTRICT OF TEXAS
### Texarkana _____ DIVISION

Steven Damien Young, 2067760
Plaintiff's Name and ID Number

Barry Telford Unit
Place of Confinement

CASE NO: 5:20 cv 87 _____
(Clerk will assign the number)

v. Texas Department of Criminal Justice

P.O. Box 13401 Austin, TX 78711-3401
Defendant's Name and Address

Bryan Collier
P.O. Box 99 Huntsville, TX 77342-0099
Defendant's Name and Address

Baldwin O. Polk
3899 State Hwy 98 New Boston, TX 75570-5604
Defendant's Name and Address
( DO NOT USE "ET AL.")

"Jury"

---

### INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? \_\_\_YES ✓ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit:_____

        2.  Parties to previous lawsuit:

            Plaintiff(s)_____

            Defendant(s)_____

        3.  Court: (If federal, name the district; if state, name the county.)_____

        4.  Cause number:_____

        5.  Name of judge to whom case was assigned: _____

        6.  Disposition: (Was the case dismissed, appealed, still pending?) _____

        7.  Approximate date of disposition:_____

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: _Barry Telford Unit_

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   √ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A.   Name and address of plaintiff: _Steven Damien Young_
     _3899 State Hwy 98_
     _New Boston, TX 75570-5669_

B.   Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: _Texas Department of Criminal Justice, Tex Gov't Code 493.004._
_P.O. Box 13401 Austin, TX 78711-3401_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Violation of my constitutional rights First, Fifth, Eighth, Fourteenth Amendments._

Defendant #2: _Bryan Collier, Executive Director, Texas Department of Criminal Justice_
_P.O. Box 99 Huntsville, TX 77342-0099_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Violation of my constitutional rights First, Fifth, Eighth, Fourteenth Amendments._

Defendant #3: _Bobby D. Polk, Warden II, Barry Telford Unit_
_3899 State Hwy 98 New Boston, TX 75570-5669_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Violation of my constitutional rights First, Fifth, Eighth, Fourteenth Amendments._

Defendant #4: _Ralston D. Marshall, Assistant Warden, Barry Telford Unit_
_3899 State Hwy 98 New Boston, TX 75570-5669_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Violation of my constitutional rights First, Fifth, Eighth, Fourteenth Amendments._

Defendant #5: _Kody R. Senne, Assistant Warden, Barry Telford Unit_
_3899 State Hwy 98 New Boston, TX 75570-5669_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Violation of my constitutional rights First, Fifth, Eighth, Fourteenth Amendments._

Rev. 05/15

3

"Jury"

Defendant's Name and Address (continued)  Attachment

Defendant #6: Samuel Adams, Major, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights First, Fifth, Eighth, and Fourteenth
Amendments.

Defendant #7: Dequan M. Wilson, Lieutenant, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights First, Fifth, Eighth, and Fourteenth
Amendments.

Defendant #8: Joshua M. Altenbaumer, Lieutenant, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights Fifth and Fourteenth Amendments.

Defendant #9: Garret Saxton, Practice Manager, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights First, Fifth, and Fourteenth
Amendments.

"Jury"

Defendant's Name and Address (continued) Attachment

Defendant # 10: Darious D. King, Sergeant, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violation of my constitutional rights First, Fifth, Eighth, and Fourteenth Amendments.

Defendant # 11: Ricky D. Henry, COV, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violation of my constitutional rights First, Fifth, and Fourteenth Amendments.

Defendant # 12: Joy A. Hughes, COV, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violation of my constitutional rights Fifth and Fourteenth Amendments.

Defendant # 13: Robert J. Wilkes, COV, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violation of my constitutional rights First, Fifth, Eighth, and Fourteenth Amendments.

Defendant's Name and Address (continued) Attachment

Defendant #14: Jramond J. Johnson, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights First, Fifth, Eighth, and Fourteenth Amendments.

Defendant #15: Miguel Salazar-Gonzalez, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights Fifth, Eighth, and Fourteenth Amendments.

Defendant #16: Joshua D. Watson, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights First, Eighth, and Fourteenth Amendments.

Defendant #17: Tyler Harris, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights Fifth, Eighth, and Fourteenth Amendments.

Defendant's Name and Address (continued) Attachment

Defendant #18: Cody Hudson, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights Fifth, Eighth, and Fourteenth Amendments.

Defendant #19: B. Guzman, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights First, Fifth, and Fourteenth Amendments.

Defendant #20: Marcus Anda, COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights Fifth, Eighth, and Fourteenth Amendments.

Defendant #21: Michael W. Harvey Jr., COW, Barry Telford Unit
3899 State Hwy 98 New Boston, TX 75570-5669
Briefly describe the act(s) or omission(s) of this defendant which you
claimed harmed you.
Violation of my constitutional rights Fifth, Eighth, and Fourteenth Amendments.

## V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I currently have a active Federal Lawsuit/1983 Civil Rights complaint Civil Action No. 5:20cv87 filed on TDCJ Barry Telford Unit indicating that my life and physical safety is in danger on TDCJ Barry Telford Unit from gangmembers and corrupt TDCJ employees. Since that time I have been subjected to a "Campaign of harassment" by TDCJ Barry Telford Unit prison officials in retaliation for me exercising my constitutional right to redress grievances and for me participating in legal activities.

## VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

Declaratory relief, Injunction: Unit transfer, Reimbursement of Court fees and Attorney fees, Nominal, Compensatory, and Punitive damages.

## VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Steven Damien Young

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

2061760

## VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  _____YES  ✓ NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date sanctions were imposed:_____

4. Have the sanctions been lifted or otherwise satisfied?                              _____YES  ___NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?        _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date warning was issued:_____

Executed on: 7-12-21
DATE

Steven Damien Young
S.Y
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ 12th _____ day of _____ July _____, 20 21 .
(Day)                              (month)                    (year)

Steven Damien Young
S.Y
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

"Jury"

In The United States District Court
For The Eastern District Of Texas
Texarkana Division

Civil Action No. 5:20cv87

Steven Damien Young, Plaintiff

Versus.

Texas Department of Criminal Justice, et al., Defendants

Second Amended Complaint

Plaintiff Steven Damien Young #2067766 has reasonable cause indicating that TDCJ officials, employees acting on behalf of the State is subjecting the plaintiff confined to an institution, TDCJ Barry Telford Unit, to egregious or flagrant conditions which deprive the plaintiff of rights, privileges and immunities secured or protected by the Constitution or laws of the United States causing the plaintiff to suffer grievous harm, and deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities.

Statement Of The Case

1. Plaintiff has sufficiently set forth constitutional violations in complaint,

"Jury"

taken together with documents presented, setting forth plausible claims
against defendants for failing to provide the plaintiff protection from
physical and sexual abuse, failing to provide the plaintiff adequate medical
and mental health care, and failing to provide the plaintiff safe and
sanitary environmental conditions.

## Jurisdiction And Venue

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C.
1331 (Federal question), 1343 (civil rights), and 2201 (Declaratory Judgment Act).

3.      Venue is proper in this Court, pursuant to 28 U.S.C. 1391 (b)(2),
because a substantial part of the events or omission(s) giving rise to the
claims occurred in this judicial district.

## Parties

A.      Plaintiff

4.      Steven Damien Young # 2061766 is incarcerated at the TDCJ Barry
Telford Unit. The plaintiff is a indigent prisoner seeking to vindicate
constitutional rights.

B.      Defendants

5.      Texas Department of Criminal Justice is the state prison system,
an agency of the State of Texas. Tex. Gov'T Code 493.004. At all relevant

"Jury"

times, it operated the Barry Telford Unit, a public facility with programs and services Plaintiff with disabilities were otherwise qualified for. TDCJ is a recipient of federal funds.

6. Bryan Collier is the executive director of the Texas Department of Criminal Justice. As such, Collier is the commanding officer of all TDCJ correctional officers, guards, and TDCJ employees and contractors, and is responsible for their training, supervision, and conduct. By law, he is responsible for protecting the constitutional rights of all persons held in TDCJ custody. At all times described herein, he was acting under color of state law. He is sued in his official capacity for declaratory and injunctive relief.

7. Balden O. Polk is the Warden II of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. As the warden of the Barry Telford Unit, he is responsible for ensuring constitutional conditions of confinement exist at the Barry Telford Unit. He is sued in his official capacity for declaratory and injunctive relief.

8. Ralston D. Marshall is the Assistant Warden of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. As the assistant warden of the Barry Telford Unit, he is responsible for ensuring constitutional conditions of confinement exist at the Barry Telford Unit. He is sued in his official capacity for declaratory and injunctive relief.

9. Kody R. Sonur is the Assistant Warden of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. As the assistant warden of Barry Telford Unit, he is responsible for ensuring

Unit. At all times described herein, he was acting under color of state law. As the assistant warden of Barry Telford Unit he is responsible for ensuring constitutional conditions of confinement exist at the Barry Telford Unit. He is sued in his official capacity for declaratory and injunctive relief.

10.     Samuel Adams is a Major of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

11.     Dequan M. Wilson is a Lieutenant of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

12.     Joshua M. Attenbaumer is a Lieutenant of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

13.     Garret Saxton is the Practice Manager of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

14.     Darious D. King is a Sergeant of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.



15.     Ricky D. Henry is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of State law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

16.     Jay A. Hughes is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, she was acting under color of state law. She is sued in her individual capacity for nominal, compensatory, and punitive damages.

17.     Robert J. Wilkes is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of State law. He is sued in his official capacity for declaratory and injunctive relief as well as his individual capacity for nominal, compensatory, and punitive damages.

18.     Jramond J. Johnson is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his official capacity for declaratory and injunctive relief as well as his individual capacity for nominal, compensatory, and punitive damages.

19.     B. Guzman is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, she was acting under color of state law. She is sued in her official capacity for declaratory and injunctive relief as well as her individual capacity for nominal, compensatory, and punitive damages.

20. Miguel Salazar-Gonzalez is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of State law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

21. Joshua D. Watson is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

22. Tyler Harris is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

23. Cody Hudson is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

24. Marcus Anda is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

25. Michael W. Harvey Jr. is a Correctional Officer of the TDCJ Barry Telford Unit. At all times described herein, he was acting under color of state

"Jury"

law. He is sued in his individual capacity for nominal, compensatory, and punitive damages.

Facts

A.  First Amendment Claim

26.  Plaintiff currently does not have the liberty to attend any educational programs or rehabilitation classes on the TDCJ Barry Telford Unit because the plaintiff's life and physical safety is in danger on TDCJ Barry Telford Unit from gang members who threatened to "kill" the plaintiff and corrupt TDCJ employees who continue to harass the plaintiff in retaliation for the plaintiff exercising his constitutional right to redress grievances and for participating in legal activities.

27.  Prior to these incidents, on the TDCJ Barry Telford Unit the plaintiff was designated to the TDCJ George Beto Unit in 2016. While the plaintiff was assigned to the TDCJ George Beto Unit the plaintiff filed several grievances with the TDCJ George Beto Unit grievance department for officer's misconduct. In retaliation TDCJ George Beto Unit prison officials began harassing the plaintiff. In response the plaintiff filed several more grievances. TDCJ George Beto Unit prison officials then tried to use an "intimidation tactic" by attempting to have gang members "beat up" the plaintiff by making up a false accusation claiming that the plaintiff was a gang member "Crip" from California (when in fact the plaintiff has never in his life been a gang member in the state of California) as well as claiming that the plaintiff was a "snitch". The plaintiff then reported to the TDCJ Office of Inspector General

"Jury"

in Huntsville, TX "organized crime" that was being perpetuated at the TDCJ George Beto Unit involving TDCJ employees by writing a letter and mailing it to the following address: P.O. Box 4003 Huntsville, TX 77342-4003. In 2018 the plaintiff filed several OPI's forms and submitted numerous (I-127) Step One and (I-128) Step Two grievances forms to the TDCJ George Beto Unit grievance department as documentary evidence.

28.     In February 2019 the plaintiff was transfered to the TDCJ O.B Ellis Unit. While the plaintiff was assigned to the TDCJ O.B. Ellis Unit the wardens and the GI's (gang intelligence) from the TDCJ George Beto Unit sent two offenders/gangmembers "Crips" to the TDCJ O.B. Ellis as a form of harassment. While on the TDCJ O.B. Ellis Unit the two offenders/gangmembers "Crips" who were sent from the TDCJ George Beto Unit attempted to recruit other gangmembers to attack the plaintiff because they could not gain access to the area of the prison where the plaintiff was being housed. (During this time the two offenders/gangmembers "Crips" worked for the TDCJ O.B. Ellis Unit maintenance department as "Pest Control" spraying chemicals around the unit). Before these gangmembers had a chance to "jump" the plaintiff word had got back to the plaintiff by other prisoners so the plaintiff filed an OPI form and submitted a (I-127) Step One grievance form to the TDCJ O.B. Ellis Unit grievance department explaining the situation as documentary evidence. In December 2019 the plaintiff was transfered to the TDCJ Barry Telford Unit "OPI status".

29.     On January 22nd, 2020 the same two offenders/gangmembers "Crips" (who were sent from the TDCJ George Beto Unit to the TDCJ O.B. Ellis Unit to attack the plaintiff) showed up to the TDCJ Barry Telford Unit

attempting to recruit gangmembers to attack the plaintiff. This incident was captured on three (3) different video surveillance cameras at location eight (8) building, L-pod, two (2) section when the two offenders/gangmembers "Crips" entered the pod where the plaintiff was being housed at to "spray chemicals" around the pod. (Again the same situation the two offenders/gangmembers "Crips" had a job working for the TDCJ Barry Telford Unit maintenance department as "Pest Control"). These two prisoners used their maintenance department jobs to gain access to the area of the prison where the plaintiff was being housed at. The two offenders were dressed in an all white uniform with the words "Pest Control" on the back. These two particular prisoners were suppost to "beat up" the plaintiff and then after they "beat up" the plaintiff they were suppost to be transfered back to George Beto Unit where they were suppost to be "paid" for beating the plaintiff.

30. In addition, there are multiple TDCJ employees who were working on TDCJ George Beto Unit in 2018 when the plaintiff was assigned to the TDCJ George Beto Unit. These same TDCJ employees have transfered to the TDCJ Barry Telford Unit and have harassed the plaintiff in retaliation for the plaintiff exercising his constitutional right to redress grievances on the TDCJ George Beto Unit in 2018.

31. Garret Saxton is the Practice Manager on the TDCJ Barry Telford Unit. (Garret Saxton was the Major on the TDCJ George Beto Unit in 2018.) Garret Saxton has continued to harass the plaintiff on the TDCJ Barry Telford Unit by sending "Fake I-60s" to the plaintiff's cell door with his name on it in retaliation for the plaintiff filing grievances against Garret Saxton for harassment while the plaintiff was allocated to the

TDCJ George Beto Unit in 2018. The plaintiff did in fact submit multiple grievances to the TDCJ Barry Telford Unit grievance department to report this harassment as documentary evidence. Garret Saxton is in direct violation of the plaintiff's constitutional rights First and Fourteenth Amendments of the laws and Constitution of the United States of America.

B.    Eighth Amendment Claim

32.    On February 21st, 2020 thru February 24th, 2020 the plaintiff was repeatedly exposed to unsanitary conditions when the plaintiff was locked inside of a cell for three (3) days with a malfunctioned toilet that would not flush resulting in urine and feces sitting inside of the plaintiff's toilet for over 24 hours on two separate occasions. For three days the plaintiff informed and reported the situation to TDCJ Barry Telford Unit prison officials in which the prison officials failed to take the imperative course of action to rectify the predicament and the plaintiff was left locked in the cell for three (3) days exposed to human waste.

33.    The plaintiff did in fact report this incident to the TDCJ Barry Telford Unit grievance department by submitting a (I-127) Step One grievance form number 2020083049 on February 27th, 2020 as well as a (I-128) Step Two grievance form on April 13th, 2020. Both grievance forms were in reference to the toilet incident that occurred between February 20th, 2020 thru February 24th, 2020 which was captured on three (3) different video surveillance cameras at location: twelve (12) building, A-pod, one (1) Section, 01 cell.

"Jury"

34. The plaintiff's records indicate that both (I-127) Step One grievance forms number 2020083049 and the (I-128) Step Two grievance form submitted on April 13th, 2020 were due to be returned to the plaintiff with a response by June 9th, 2020. On June 9th, 2020 when the plaintiff did not receive the two legal documents the plaintiff immediately sent an (I-60) "Inmate Request To Official" to Tanya E. Peacock, Investigator III of the TDCJ Barry Telford Unit grievance department informing her of the matter and inquiring of the status and location of the grievance forms.

C. Prison Litigation Reform Act (PLRA)

35. On June 11th, 2020 the plaintiff received a disposition from Tanya E. Peacock, Investigator III stating that there was "No Step II on record for (I-127) Step One grievance number 2020083049". The plaintiff did in fact submitted the original copy of the processed (I-127) Step One grievance form number 2020083049 and a completed and signed (I-128) Step Two grievance form to the TDCJ Barry Telford Unit grievance department on April 13th, 2020. The plaintiff did not receive a response for the (I-128) Step Two grievance form.

36. The TDCJ Barry Telford Unit administration department intentionally tampered with the plaintiff's legal documents (I-127) and (I-128) Step One and Step Two grievance forms with intent to suppress admissible evidence after the plaintiff informed the administration that he would be asserting a 1983 civil rights complaint regarding the toilet incident that occurred on February 20th thru February 24th, 2020 which was captured on three (3) different video surveillance cameras.

37.     The plaintiff did in fact submit a copy of both (1-127) Step One grievance form number 2020083049 and (1-128) Step Two grievance form submitted on April 13th, 2020 to the Texarkana Federal Court as documentary evidence in reference to civil action no. 5:20cv87.

D.      Eighth Amendment Claim

38.     On May 28th, 2020 the plaintiff was involved in a "Forced Move" and "Use of Force" incident with multiple TDCJ Barry Telford Unit prison officials. The following TDCJ officials are the participants in "Use of Force" #04605-05-20 occurring on May 28th, 2020 : Miquel Salazar-Gonzalez, COIV, Cody Hudson, COIV, Marcus Anda, COIV, Tyler Harris, COIV, and Michael W. Harvey Jr, COIII. This incident was captured on the TDCJ hand held video camera, as well as three (3) different video surveillance cameras at location: eight (8) building, L-pod, two (2) section as evidence.

39.     During this incident TDCJ Barry Telford Unit prison officials attempted to house the plaintiff against his will with a confirmed gang member "Blood". At that time the plaintiff was in fear for his life so he fought back in self defense. During the incident the plaintiff voluntarily laid down on the ground and placed his hands behind his back when one of the officers jumped on his back and began punching him in his head between ten or twelve times. In addition, one of the officers sexually assaulted the plaintiff by intentionally "punching him in his genitals multiple times". The plaintiff was not resisting at all while one of the officers repeatedly punched him.

40.     Furthermore, during the "Use of Force" incident TDCJ Barry Telford

Unit prison officials failed to follow proper TDCJ policy set forth in BP-03.46 "Standards for the Use of Force" by not having the TDCJ hand held video camera turned "on" while conducting a "Forced Move". While the "Forced Move" was in progress the TDCJ official who was in operation of the TDCJ hand held video camera turned the camera "off". Then after the "excessive force" and "sexual assault" occurred the TDCJ official who was in operation of the TDCJ hand held video camera turned the camera back "on" which is the reason why the video footage does not show the "excessive force" and "sexual assault" happen at the time. The area where the incident took place at location: eight (8) building, L-pod, two (2) section has three (3) different surveillance cameras in the building which will show what happened during the incident.

41.    After the "Use of Force" incident occurred the TDCJ Barry Telford Unit prison officials involved in the incident failed to follow proper TDCJ policy set forth in BP-03.46 "Standards for the Use of Force" and AD-03.47 "Taking Offender Photographs Following An Injury or Use of Force Incident" by refusing to allow the plaintiff medical attention and did not photograph the plaintiff's injuries in accordance to TDCJ policy.

42.    On June 1st, 2020 the plaintiff did in fact submit a (I-127) Step One grievance form to the TDCJ Barry Telford Unit grievance department regarding this incident. On June 3rd, 2020 the plaintiff submitted a (I-60) to TDCJ officials Jenny L. Baird, Sergeant of PREA/Safe Prisons and Tanya E. Peacock, Investigator III of the TDCJ Barry Telford Unit grievance department informing them of the sexual assault.

43.    On June 8th, 2020 the plaintiff mailed a letter to the PREA/

Ombudsman office at P.O. Box 99 Huntsville, TX 77342-0099 requesting for this sexaul assault to be investigated by the PREA/Ombudsman office and for each of the TDCJ officials involved in the incident to be drug tested.

E.        Fifth And Fourteenth Amendment Claim

44.        On May 28th, 2020 TDCJ Barry Telford Unit prison officials Marcus Anda, COIII, Tyler Harris, COIV, Michael W. Harvey Jr, COIII, Cody Hudson, COIV, and Miguel Salazar-Gonzalez, COIV confiscated all of the plaintiff's personal property and then the TDCJ Barry Telford Unit prison officials returned the property back to the plaintiff with "items missing" as a form of harassment (which is a common practice within the TDCJ). The plaintiff did in fact submit a (I-127) Step One grievance form to the TDCJ Barry Telford Unit grievance department regarding the plaintiff's lost personal property items.

45.        The plaintiff has four (4) different family members who can testify as witnesses that they sent the plaintiff money to purchase the property items from the TDCJ commissary stores. The witnesses names are as follows: Dottie Garrett, Grandmother, Carol Pool, Sister, Promise Taylor, Friend, Timothy Garrett, Uncle. The plaintiff has in his possession multiple commissary reciepts as documentary evidence to prove that the plaintiff indeed did purchase the property items from the TDCJ commissary stores.

46.        TDCJ officials Marcus Anda, COIII, Tyler Harris, COIV, Michael W. Harvey Jr, COIII, Cody Hudson, COIV, and Miguel Salazar-Gonzalez, COIV are in direct violation of the plaintiff's constitutional rights Fifth, Eighth, and Fourteenth

Amendments of the laws and Constitution of the United States of America.

F.        Disciplinary Sanctions

47.      The plaintiff has been subjected to a "campaign of harassment" by TDCJ Barry Telford Unit prison officials. "Negative entries" have been put in the plaintiff's prison disciplinary record by TDCJ officials Sam J. Suhl, Captain and B. Guzman, COW. TDCJ official Sam J. Suhl, Captain recorded and submitted a fraudulent disciplinary case against the plaintiff case number 20200215587 offense code: 33.0 lying by claiming that the plaintiff "lied" about the incident regarding the sexual assault that occurred during a "Use of Force" on May 28th, 2020 in reference to an officer punching the plaintiff in his "genitals".

48.      TDCJ employee B. Guzman, COW subjected the plaintiff to sexual harassment by recording and submitting a fraudulent disciplinary case against the plaintiff case number 20210078824 offense code: 20.0 by claiming that the plaintiff "Did masterbate in public". The plaintiff is currently practicing yoga and does not masterbate. TDCJ employee B. Guzman, COW had wrote multiple code: 20.0 cases against several different offenders who were housed in the same section as the plaintiff at that time and wrote the plaintiff's cell number down when the plaintiff did not "masterbate in public". The offender who was in the cell next door to the plaintiff at that time in cell number 12-B-55 already admitted to Lieutenant Dequan M. Wilson that he was the person who was masterbating. TDCJ Barry Telford Unit official Kimberly G. Coppedge, Lieutenant had absolutely no evidence to find the plaintiff guilty of disciplinary case number 20210078824 which was captured on three (3) different video surveillance cameras at location: twelve (12) building, B-pod,

four (4) section, 56 cell.

49.    TDCJ Barry Telford Unit prison officials are attempting to add something "sexual" on the plaintiff's disciplinary record in retaliation for the plaintiff exercising his constitutional right to redress grievances for the plaintiff filing a complaint with the TDCJ PREA/Ombudsman office for a sexual assault that occurred during a "Use of Force" incident on May 20th, 2020 involving TDCJ Barry Telford Unit prison officials.

50.    TDCJ officials Sam J. Suh II, Captain and B. Guzman, COW are in direct violation of the plaintiff's constitutional rights First, Fifth, and Fourteenth Amendments of the laws and Constitution of the United States of America.

G.    Fifth And Fourteenth Amendment Claim

51.    On August 13th, 2020 grievance number 2020169261 during a "Forced Move" and "Use of Force" incident the plaintiff's personal property was confiscated by the following TDCJ Barry Telford Unit prison officials: Samuel Adams, Major, Joshua M. Altenbaumer, Lieutenant, Darious D. King, Sergeant, Ricky D. Henry, COV, Robert J. Wilkes, COW, and Miguel Salazar-Gonzalez, COW. This incident was captured on the TDCJ hand held video camera as well as three (3) different video surveillance cameras at location: eight (8) building, K-pod, two (2) section, 37 cell.

52.    On January 22nd, 2021 officer Joy A. Hughes, COV rendered to the plaintiff personal property which was confiscated on August 13th, 2020. The

plaintiff immediately noticed there were several items missing from the plaintiff's personal property. The plaintiff is missing his book "The World Almanac And The Book Of Facts 2020" in which the plaintiff's sister Carol Pool can attest as a witness that she is the person who purchased the book from Amazon.com and had the book mailed to the TDCJ Barry Telford Unit. The plaintiff has in his possession the "information tag" from the box that the book came in with a USPS tracking number as evidence proving that the book was indeed delivered to the TDCJ Barry Telford Unit. The book is not hard to miss because it is a large hardcover book of high quality.

53.     In addition, the plaintiff's two (2) photo albums were returned to him but he noticed that sixteen (16) of his personal family photos are missing. The plaintiff has four (4) different family members who can testify as witnesses that they sent him family photos in the mail. The witnesses names are as follows: Dottie Garrett, Grandmother, Carol Pool, Sister, Promise Taylor, Friend, and Anthony Thomas, Cousin.

54.     Furthermore, the plaintiff noticed various commissary items missing such as one (1) mirror, one (1) cork cable, one (1) bowl, one (1) pair of shower shoes, and sixty (60) bottles of water. The plaintiff has in his possession multiple commissary receipts as evidence proving that he purchased the items from the TDCJ commissary stores. The TDCJ computer system will prove that the plaintiff purchased the commissary items. The plaintiff did in fact report this incident that occurred on January 22nd, 2021 regarding his lost personal property by submitting a (I-127) Step One grievance form number 2021063693 to the TDCJ Barry Telford Unit grievance department in reference to the plaintiff's lost property.

"Jury"

55.    This is the second incident within a year that TDCJ Barry Telford Unit prison officials have confiscated all of the plaintiff's personal property and then returned the property back to him with "items missing". The first incident occurred on May 28th, 2020. The plaintiff reported that incident by submitting a (I-127) Step One grievance form to the TDCJ Barry Telford Unit grievance department. The plaintiff also sent a copy of the (I-127) Step One grievance form to the Texarkana Federal Court as documentary evidence.

56.    The plaintiff has video surveillance footage as evidence proving that TDCJ Barry Telford Unit prison officials Samuel Adams, Major, Joshua M. Altenbrunner, Lieutenant, Darious D. King, Sergeant, Ricky D. Henry, COV, Robert J. Wilkes, COV, and Miguel Salazar-Gonzalez, COV, and Joy A. Hughes, COV were the persons in possession of the plaintiff's personal property and are legally responsible for the loss of the plaintiff's personal property items. The named TDCJ officials are in direct violation of the plaintiff's constitutional rights First, Fifth, and Fourteenth Amendments of the laws and Constitution of the United States of America.

57.    From August 13th, 2020 grievance number 2020169261 until January 22nd, 2021 grievance number 2021066739 and grievance number 2021063693 TDCJ Barry Telford Unit officials Bobbin O. Folk, Warden II, Ralston D. Marshall, Assistant Warden, Kody R. Schur, Assistant Warden, and Samuel Adams, Major intentionally and illegally divested the plaintiff of his personal property items consisting of legal materials items: writing tablets, ink pens, envelopes, postage stamps, dictionary, litigation legal notes, legal documents from the Texarkana Federal Court as well as his legal handbooks (in which the plaintiff was unable to conduct legal

research for litigation pertaining to his active federal lawsuit /1983 civil rights complaint civil action no. 5:20cv87) under the false claim that the plaintiff was on "cell restriction" or "property restriction", and "Pre-Hearing Detention" (PHD) when in fact the plaintiff is allowed to have possession of his legal materials while on "cell restriction" or "property restriction", and "Pre-Hearing Detention" (PHD).

58.      According to TDCJ policy set forth in BP-03.81 "Access to Courts Procedures Manual" as well as AD-03.72 "Offender Property", and the 2017 "Offender Orientation Handbook" page 125 which states "Offenders shall have access to their legal materials on a daily basis". For exemplification the plaintiff's legal materials were confiscated on August 13th, 2020 but his legal materials were not returned to him by officer Jay A. Hughes, COV until January 22nd, 2021.

59.      From October 7th, 2020 grievance number 2021024488 until January 22nd, 2021 grievance number 2021063693 and grievance number 2021066739 TDCJ Barry Telford Unit prison officials Baldwin O. Polk, Warden II, Ralston D. Marshall, Assistant Warden, Kody R. Schur, Assistant Warden, and Samuel Adams, Major intentionally and illegally divested the plaintiff of his personal property items consisting of hygiene items: toothbrush, toothpaste, soap, deodorant, and shower shoes (in which the plaintiff was unable to "brush his teeth" and "shower") under the false claim that the plaintiff was on "cell restriction" or "property restriction", and "Pre-Hearing Detention" (PHD) when in fact the plaintiff is allowed to have possession of his hygiene items while on "cell restriction" or "property restriction", and "Pre-Hearing Detention" (PHD).

60.     For exemplification legal documents on file at the TDCJ Barry Telford Unit Mental Health department will confirm that the last date that the plaintiff was placed on "Constant Direct Observation" (CDO) was on November 24th, 2020 but the plaintiff's hygiene items were not returned to him by officer Joy A. Hughes, COV until January 22nd, 2021.

61.     TDCJ officials Bobdon O. Polk, Warden II, Ralston D. Marshall, Assistant Warden, Kody R. Schmur, Assistant Warden, and Samuel Adams, Major are in direct violation of the plaintiff's constitutional rights First, Fifth, Eighth, and Fourteenth Amendment of the laws and Constitution of the United States of America. Furthermore, the named TDCJ officials are in violation of state law pursuant to Texas Penal Codes Sec. 39.02. Abuse of Official Capacity, Sec. 39.03. Official Oppression, and Sec. 39.04. Violation of the Civil Rights of Person in Custody, of the Texas Code of Criminal Procedure.

H.      Eighth Amendment Claim

62.     On October 7th, 2020 the plaintiff was involved in a "Forced Move" and "Use of Force" incident #M-08743-10-20 with the following TDCJ Barry Telford Unit officials: Darious D. King, Sergeant, Robert J. Wilkes, COV, Diamond J. Johnson, COV, and Joshua D. Watson, COV. There are two more officers involved in this particular incident but the plaintiff currently does not have their name and rank. The plaintiff has submitted two separate requests for the officers name and rank with Maggie Schillaci of the Central Use of Force office in which the plaintiff never received the information.

"Jury"

63.     During this unnecessary "Use of Force" incident the plaintiff was escorted to the TDCJ Barry Telford Unit infirmary for a mental health screening. While the plaintiff was sitting down with both of his hands handcuffed behind his back, officer Robert J. Wilkes, COIV was standing next to him and was not wearing a face mask and began coughing on the plaintiff several times. As officer Wilkes, COIV coughed on the plaintiff he could literally feel "spit" land on his shoulder because at that time he was not wearing a shirt. The plaintiff then instructed for officer Wilkes, COIV to stop coughing on him because he might have the corona virus (COVID-19) and the plaintiff did not want to contract the disease.

64.     Officer Wilkes, COIV then attempted to punch the plaintiff in the face while the plaintiff was sitting down with both of his hands handcuffed behind his back. Sergeant Darious D. King then walked over and pulled the plaintiff down to the ground with another unnamed officer. Then the officers punched the plaintiff while he was laying on the ground with his hands handcuffed behind his back.

65.     After this incident occurred while the plaintiff was being escorted back to his cell officer Joshua D Watson, COIV then began kicking the plaintiff in the back of his legs as a form of harassment while the plaintiff was walking with leg shackles on. This incident was captured on the TDCJ hand held video camera "Use of Force" #M-087143-10-20.

I.     Disciplinary Sanctions

66.     Officer Robert J. Wilkes, COIV then proceeded to record and

submit erroneous information in a fraudulent disciplinary case against the plaintiff. Disciplinary case number 20210035082 offense code: 03.3 by claiming that the plaintiff attempted to assault him by "lunging at him".

67.     During this incident at no time did the plaintiff attempt to assault officer Wilkes, COW nor did the plaintiff "lung" at officer Wilkes, COW. This incident was captured on the TDCJ hand held video camera as evidence on October 7th, 2020 "Use of Force" #M-087143-10-20.

68.     Robert J. Wilkes, COW, Darious D. King, Sergeant, Jiamond J. Johnson, COW, Joshua D. Watson, COW, and the unnamed TDCJ Barry Telford Unit prison officials are in direct violation of the plaintiff's constitutional rights First, Eighth, and Fourteenth Amendments of the laws and Constitution of the United States of America.

69.     In addition, Robert J. Wilkes, COW, Darious D. King, Sergeant, Jiamond J. Johnson, COW, Joshua D. Watson, COW, and the unnamed TDCJ Barry Telford Unit prison officials are in proximate violation of state law pursuant to Texas Penal Codes: Sec. 39.02 Abuse of Official Capacity, Sec. 39.03 Official Oppression, and Sec. 39.04 Violation of Civil Rights of Person in Custody of the Texas Code of Criminal Procedure.

70.     On numerous occassions officer Jiamond J. Johnson, COW has attempted to move the plaintiff into general population on TDCJ Barry Telford Unit. The reason that the plaintiff refused to move to general population on TDCJ Barry Telford Unit is because the plaintiff currently has a active federal lawsuit 1983 civil rights complaint civil action no. 5:20cv87 filed on Barry

Telford Unit indicating that the plaintiff's life and physical safety is in danger on TDCJ Barry Telford Unit from gang members and corrupt TDCJ employees.

71.       Officer Johnson, COIV has proceeded to record and submit false information on state documents by intentionally writing multiple fraudulent disciplinary cases against the plaintiff. Disciplinary case numbers, 20200252737, 20210073379, and 20210081098, 20210044384 with intention on having the plaintiff falsely convicted of fraudulent disciplinary cases.

J.       Prison Litigation Reform Act (PLRA)

72.       In November, 2020 the plaintiff was housed on twelve (12) building, B-pod, four (4) section, 48 cell. During that time offender Jose Carpio # 1999100 was housed in the cell next to the plaintiff in 49 cell. While the plaintiff was housed next to offender Jose Carpio # 1999100 the plaintiff received a "kite" (prison slang meaning that the plaintiff had a message from another inmate). The "kite" stated that TDCJ Barry Telford Unit employee Lieutenant Dequan M. Wilson is a gang member "Crip" and that Lieutenant Wilson's family are gang members "Crips" so I better not go back to eight (8) building. The plaintiff did in fact submit a (I-127) Step One and (I-128) Step Two grievance form to the TDCJ Barry Telford Unit grievance department to report this matter in which the grievance forms were never returned to the plaintiff.

73.       On November 24th, 2020 the plaintiff conversed with Carole Ehler, MH Case Manager from the TDCJ Barry Telford mental health department and Lieutenant John D. Rasonke the plaintiff informed them both that he needed to file an OPI to add new information and to add a new

witness offender Jose Carpio #1999600. Carole Enler, MH Case Manager then informed the plaintiff that Lieutenant Scott A. Godwin was suppost to do the plaintiff's new OPI in which Lieutenant Godwin did not conduct the new OPI and no TDCJ Barry Telford Unit prison official rendered to the plaintiff the necessary forms to fill out. Therefore the new OPI was not considered "repetitious".

K.        Eighth Amendment Claim

74.        Furthermore, TDCJ Barry Telford Unit prison officials continued to expose the plaintiff to cold wheather conditions by intentionally refusing to accommodate the plaintiff a blanket during cold wheather season. In addition, the plaintiff had to sale his food trays for lunch and dinner "chow" to acquire writing paper, envelopes, ink pens, and postage stamps to be enabled to communicate with the Texarkana Federal Court to mail "Declarations" as documentary evidence. The plaintiff engaged in oral discourse with Dequan M. Wilson, Lieutenant, Krystle M. Moss, Sergeant, Lieutenant Grable, as well as John D. Rasenke, Lieutenant, and Cory W. Stanley, Sergeant regarding this matter in which the named TDCJ Barry Telford Unit prison officials failed to take the imperative course of action to rectify the predicament.

75.        The plaintiff did in fact submit a (I-127) Step One and (I-128) Step Two grievance forms to the TDCJ Barry Telford Unit grievance department regarding this matter in which the grievance forms were never returned to the plaintiff.

L.      Major Depression

76.     Major depression is a chronic mental illness caused by a serotonin imbalance in the brain. People with depression experience insomnia or excessive sleeping, loss of appetite, fatigue, feelings of worthlessness, irritability, persistent headaches, and problems concentrating. Depression is a physiological condition affecting body systems, including the brain. The doctor treating patients at the TDCJ Park Unit testified patients with depression may experience difficulty caring for themselves. TDCJ does not dispute this.

M.      The Americans With Disabilities Act And Rehabilitation Act

77.     For purposes of the ADA, ADA Amendments Act, and Rehabilitation Act, Plaintiff Steven Damien Young #2067766 is a qualified individual regarded as having a physiological or mental impairment that substantially limits one or more of his major life activities. Symptoms include paranoia, severe depression, and thoughts of suicide. These disorders impair the operation of the brain.

78.     This information is recorded in the plaintiff's TDCJ medical records, as well as records from the state of California. 42 U.S.C. 12102(2) and 42 U.S.C. 12132.

N.      Physical Injury

79.     Medical records from the TDCJ will confirm that the plaintiff Steven Damien Young #2067766 has suffered a major physical injury while

being incarcerated at the TDCJ requiring surgery to repair a broken bone. Since that time the plaintiff has suffered from extreme headaches due to "nerve damage" from the surgery resulting in emotional and mental damages due to depression. These disabilities (such as mental illness, physical injury, and severe depression) place the plaintiff at increased risk of injury, or death and cause him to suffer more pain and punishment than able bodied prisoners.

80. TDCJ has been, and is, a recipient of federal funds, and thus covered by the mandate of the Rehabilitation Act. The Rehabilitation Act requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services and reasonably modify such facilities, services and programs to accomplish this purpose.

81. Furthermore, Title II of the ADA and the ADA Amendments Act apply to TDCJ and has the same mandate as the Rehabilitation Act. 42 U.S.C. 12131 et seq.

82. Title II of the ADA and the ADA Amendments Act protects prisoners with disabilities because exposure to extreme temperatures also actually violates the Eighth and Fourteenth Amendments of the U.S. Constitution.

83. Texas state law also protects disabled prisoners. Texas Human Resources Code, Chapter 121.

## Injunctive And Declaratory Relief

84.     Plaintiff seeks injunctive and declaratory relief pursuant to 42 U.S.C. 1983, the ADA, ADAAA, and Rehabilitation Act against Defendants, for himself, to require TDCJ to provide safe housing conditions for the plaintiff.

85.     Without permanent injunctive relief, Defendants will continue their same perilous practices and conduct, disregarding federal legal mandates, and endangering the life and the welfare of the plaintiff.

86.     Plaintiff requests an order declaring the conditions under which he is housed are unconstitutional.

87.     Plaintiff requests an order declaring TDCJ violates the Americans with Disabilities Act and Rehabilitation Act by failing to reasonably accommodate the plaintiff with disabilities.

88.     Plaintiff is entitled to injunctive and declaratory relief to end this unlawful discrimination.

## Attorneys Fees

89.     Pursuant to 42 U.S.C. 1988, and 42 U.S.C. 12205, Plaintiff is entitled to recover attorneys fees, litigation expenses, and court costs, including expert costs.

## Prayer For Relief

THEREFORE, Plaintiff respectfully requests that the Court award the following relief:

A.      Remedy ongoing violations of law and the Constitution by granting declaratory and injunctive relief, as set out in this Second Amended Complaint, on behalf of the Plaintiff.

B.      Plaintiff is demanding a jury trial on all issues triable by jury.

C.      Plaintiff is demanding for the TDCJ to overturn and remove disciplinary case #20210035082 from the plaintiff's disciplinary record.

D.      Plaintiff is demanding for the TDCJ to overturn and remove disciplinary case #20210078824 from the plaintiff's disciplinary record.

E.      Plaintiff is demanding for the TDCJ to overturn and remove disciplinary case #20210073379, #20210081098, #20200252737, and #20210443384 from the plaintiff's disciplinary record.

F.      Plaintiff is demanding for the TDCJ to provide, the plaintiff a safe unit transfer from Barry Telford Unit.

G.      Plaintiff is seeking emotional and mental damages.

H.      Plaintiff is seeking nominal, compensatory, and punitive

damages.

I.      Grant such other and further relief as appears reasonable and just, to which Plaintiff may be entitled, or deems just, proper, and equitable.


July 12th, 2021
Steven Damien Young # 2061766
Telford Unit
3899 State Hwy 98
New Boston, TX 75570-5669


Verfication


I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.


Steven Damien Young