IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| STEVEN DAMIEN YOUNG | § | |
| Plaintiff | § | |
| v. | § | Case No. 5:20-cv-00087-RWS-CMC |
| BALDEN POLK, ET AL. | § | |
| Defendants | § | |

## ORDER

Plaintiff Steven Young, an inmate proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

The operative pleading is Plaintiff's Second Amended Complaint (Docket No. 75), consisting of a 38 page complaint naming 21 defendants, a 16-page memorandum of law and 38 pages of exhibits. The Magistrate Judge screened the complaint in accordance with 28 U.S.C. § 1915(a) and issued an Initial Report recommending dismissal of seven of the defendants and all of the claims except for three: (1) allegations of a use of force on May 28, 2020; (2) allegations of a use of force on October 7, 2020; and (3) allegations of exposure to cold. Docket No. 85. Plaintiff has filed objections to the Report (Docket No. 87), as well as a motion for reconsideration of the Report (Docket No. 88) which repeats the objections.

In his objections, Plaintiff states first that part of the relief he is seeking is a unit transfer, and so TDCJ Executive Director Bryan Collier is a proper defendant in his official capacity. The State Classification Committee, not the Executive Director, is responsible for unit assignments. Even if Collier was the proper defendant for such a claim, Plaintiff has not alleged the extraordinary circumstances which would be required to justify federal interference in the state prison to the extent of ordering a unit transfer for a particular prisoner. *See Streeter v. Hopper*, 618 F.2d 1178, 1182

(5th Cir. 1980); *Knight v. Livingston*, No. 6:07-cv-452, 2008 WL 380358 (E.D. Tex. Feb. 11, 2008). Consequently, this objection is without merit.

Next, Plaintiff contends the Magistrate Judge determined he did not identify any Defendants who were personally involved or causally connected to the deprivation when he named them in Grievance No. 2020083049.

The exhibits attached to Plaintiff's Second Amended Complaint do not include Grievance No. 2020083049, but only a response to an inmate request form informing Plaintiff there was no Step Two grievance appeal on record for Grievance No. 2020083049. Here, Plaintiff has had the opportunity to present his claims to the Court through the submission of multiple amended complaints. *McMullan v. Cook*, 109 F.3d 765, 1997 WL 114880 (5th Cir. Feb. 17, 1997) (citing *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1218 (5th Cir. 1989)). Accordingly, this objection is without merit.

Similarly, Plaintiff complains the Magistrate Judge stated he did not name any individuals with respect to the allegations of exposure to cold, other than Lt. Wilson, but he did name those persons in his Step One and Step Two grievances. He also says in his Second Amended Complaint, that he named Sgt. Moss, Lt. Grable, Lt. Raschke, and Sgt. Stanley. The Second Amended Complaint contains two separate handwritten lists of defendants, neither of which identifies any of these individuals as defendants in the lawsuit. His claim reads as follows:

> Furthermore, TDCJ Barry Telford Unit prison officials continued to expose the plaintiff to cold weather conditions by intentionally refusing to accommodate the plaintiff a blanket during cold weather season. In addition, the plaintiff had to sell his food trays for lunch and dinner 'chow' to acquire writing paper, envelopes, ink pens, and postage stamps to be enabled to communicate with the Texarkana Federal Court to mail 'declarations' as documentary evidence. The plaintiff engaged in oral discourse with Dequan M. Wilson, Lieutenant; Krystle M. Moss, Sergeant; Lt. Grable, as well as John D. Raschke, Lieutenant, and Cory W. Stanley, Sergeant, regarding this matter in which the named TDCJ Barry Telford Unit prison officials failed to take the imperative course of action to rectify the predicament.

Docket No. 75 at 33. The proposed summons attached by Plaintiff to his Second Amended Complaint likewise does not identify Moss, Grable, Raschke, or Stanley as persons to be served with the summons. Plaintiff's proposed Amended Complaint signed March 5, 2021, sets out the same

claim in similar fashion; this amended complaint likewise does not name Moss, Grable, Raschke, or Stanley as defendants, although it refers to them in the body of the complaint. Plaintiff has had ample opportunity to name Moss, Grable, Raschke, and Stanley as defendants in the lawsuit. The Fifth Circuit has stated that "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967). This objection is without merit.

Plaintiff next complains that the Magistrate Judge erred in determining that he did not state a claim under the Americans with Disabilities Act, when he asserts he did state a claim by alleging that he is a qualified individual with a physiological or mental impairment substantially limiting one or more major life activities. He states that he "misconstrued the wording in his complaint by mistake" in some unspecified way.

The conclusory assertion that one is a qualified individual under the Americans with Disabilities Act is not sufficient to set out a claim under the Act. *See Caldwll v. Quarterman*, No. 3:04-cv-2166, 2007 WL 4335465 (N.D. Tex. Dec. 12, 2007); *Davidson v. Texas Dept. of Crim. J., Institutional Div.*, 91 F.App'x 963 (5th Cir. 2004). In his Second Amended Complaint, Plaintiff states he suffers from major depression and thus is a qualified individual regarded as having a physiological or mental impairment which substantially limits one or more major life activities; however, he does not contend he has suffered discrimination because of this purported disability. The Magistrate Judge correctly determined Plaintiff did not set out a claim under the Americans with Disabilities Act. This objection is without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 85) is adopted as the opinion of the District Court. The Plaintiff's motion for reconsideration of the Report (Docket No. 88) is **DENIED**. It is further

**ORDERED** that all of the Plaintiff's claims except for the allegations of excessive force on May 28 and October 7, 2020, and his claim of exposure to excessive cold are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the motion to dismiss filed by Defendants Balden Polk, Michael Bates and Ralston Marshall (Docket No. 61) is **GRANTED**. It is further

**ORDERED** that Defendants Bryan Collier, Samuel Adams, Joshua Altenbaumer, Garrett Saxton, Balden Polk, Michael Bates and Ralston Marshall are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in the case.

**So ORDERED and SIGNED this 4th day of November, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE