IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| STEVEN DAMIEN YOUNG | § | |
| v. | § | CIVIL ACTION NO. 5:20cv87 |
| WARDEN BALDEN POLK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT DEQUAN WILSON'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Steven Young, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. This Report concerns the motion for summary judgment filed by one of the remaining Defendants, Lt. Dequan Wilson.

**I. The Plaintiff's Complaint**

Plaintiff's second amended complaint (Dkt. No. 75) is the operative pleading in the case. Three claims from this complaint remain active in the lawsuit. Two of these remaining claims concern other defendants and are not at issue here.

Plaintiff's complaint against Lt. Wilson concerns allegations of exposure to cold weather. Out of Plaintiff's 29-page complaint, his claim regarding cold weather reads, in its entirety, as follows:

> Furthermore, TDCJ Barry Telford Unit prison officials continued to expose the plaintiff to cold weather conditions by intentionally refusing to accommodate the plaintiff a blanket during cold weather season. (Dkt. No. 75, ¶ 74).

He goes on to state that he engaged in "oral discourse" with Lt. Wilson, as other as other individuals, but "the named TDCJ Barry Telford Unit prison officials failed to take the imperative course of action to rectify the predicament."

Plaintiff filed Step One grievance no. 2021042239 (Dkt. No. 104-2, p. 33) complaining of various forms of alleged harassment at the Telford Unit. As part of this grievance, Plaintiff stated that "furthermore, Telford Unit prison officials continue to expose me to cold weather season by intentionally refusing to accommodate me a blanket during cold weather season." The response to this grievance stated that all inmates are issued a blanket between the months of October and May.

Plaintiff filed a Step Two appeal of this grievance (Dkt. No. 104-2, p. 36), in which he stated in part that "in addition I have been exposed to cold weather conditions since November 24, 2020 because Telford Unit prison officials intentionally refuse to render to me a blanket." The response to this grievance discussed other complaints raised by Plaintiff concerning hygiene items and legal materials, but did not mention anything about a blanket.

**II. The Defendant's Motion for Summary Judgment**

In his motion for summary judgment, Lt. Wilson argues that: the summary judgment evidence shows that Plaintiff did receive a blanket; Plaintiff did not overcome Wilson's entitlement to qualified immunity; and, Plaintiff did not show harm and thus is not entitled to compensatory damages.

As summary judgment evidence, Lt. Wilson attaches a copy of Plaintiff's grievance no. 2021042239, copies of the grievance investigation worksheets, the Telford Unit policies and procedures regarding clothing exchange, and an affidavit from Misty Rogers, laundry manager IV at the Telford Unit. The grievance investigation worksheets contain an email from Rogers saying "all offenders were issued a blanket between the months of October through May 1st. Blankets are picked up in May to be washed, repaired, and stored until the following October. No offenders are issued blankets in the summer months unless said offender has a medical pass." (Dkt. No. 122-2, p. 16).

The Telford Unit policies provide that blankets will be issued before October 1st and picked up before May 1st, and will be washed before issue, after pickup, and during every quarter while inmates are in possession of them. (Dkt. No. 122-3, p. 5). Rogers' affidavit states that during the 2020 cold weather season, blankets were distributed to each inmate at the Telford Unit in accordance with the unit standard operating procedures.[1]

Plaintiff did not file a response to the motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of this motion. *Thorn v. RaceTrac Petroleum Inc.*, slip op. no. 21-30492, 2022 U.S. App. LEXIS 8426, 2022 WL 965095 (5th Cir., March 30, 2022), *citing Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Because Plaintiff's second amended complaint is a sworn pleading, it is considered competent summary judgment evidence to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e). *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

### III. Discussion

#### A. General Standards for Summary Judgment

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce

---

[1] Although the summary judgment evidence shows that the Telford Unit had a policy of providing blankets to inmates between October 1 and May 1, there is no summary judgment evidence showing that Plaintiff actually received one. Rogers' affidavit states that "once an inmate has received a blanket, it is noted next to their ID number on the appropriate bed roster," but no bed rosters containing Plaintiff's ID number or a notation showing receipt of a blanket are attached.

evidence or designate specific facts showing the existence of a genuine issue for trial. *Id.*, citing *Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000).

The plaintiff cannot oppose summary judgment by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated or speculative assertions, or by only a scintilla of evidence. *Boudreaux v. Swift Transportation Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012).

The court has no obligation to sift the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Traveler's Indemnity Co.*, 465 F.3d 156, 164 (5th Cir. 2008). Instead, a party opposing summary judgment must identify specific evidence in the record which supports the challenged claims and articulate the precise manner in which the evidence supports the challenged claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

B. Qualified Immunity

Lt. Wilson invokes his entitlement to qualified immunity. The Fifth Circuit has explained that qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Stramaski v. Lawley*, 44 F.4th 318, 328 (5th Cir. 2022). A plaintiff can overcome the defense by showing that the official violated a statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *Id., citing Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020). In this regard, the Fifth Circuit has explained as follows:

> Qualified immunity shields government officials from civil liability in their individual capacity so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457

> U.S. 800, 818 (1982)). It protects 'all but the plainly incompetent or those who knowingly violate the law.' *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
>
> Our qualified immunity inquiry is two-pronged. *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020). First, we ask whether the facts, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Second, we ask whether the right was 'clearly established.' *Id.* We can analyze the prongs in either order or resolve the case on a single prong. *Id.*

After stating that a right is "clearly established" only if it is sufficiently clear that every reasonable official would have understood that the defendant's conduct violated that right, and that there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that the conduct is definitively unlawful, the Fifth Circuit continued:

> When an official raises qualified immunity on summary judgment, as Sheriff Castloo did here, the plaintiff bears the burden of showing that the defense does not apply. *See Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020). To meet that burden, the plaintiff must present evidence, viewed in her [i.e. the plaintiff's] favor, satisfying both qualified immunity prongs by showing that the defendant (1) violated a constitutional right (2) that was clearly established at the time of the defendant's conduct. *See id*.

*Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2020); *Byrd v. Harrell*, 48 F.4th 343, 346 (5th Cir. 2022) (when a government official has asserted qualified immunity, the burden shifts to the plaintiff to rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct). Conclusory allegations are insufficient to overcome the qualified immunity defense. *Williams-Boldware v. Denton County, Texas*, 741 F.3d 635, 643-44 (5th Cir. 2014).

### C. Application of the Standards to the Present Case

The Fifth Circuit has held that prisoners have a right to protection from extreme cold temperatures. *Withrow v. Heaton*, 275 F.3d 42 at *3, 2001 U.S. App. LEXIS 30761 (5th Cir., September 24, 2001), *citing Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988). In *Withrow*, the plaintiff alleged that prison officials refused to repair windows during the winter and that he was forced to walk 400 feet to the shower every day in his underwear despite the extreme cold. He

contended that the cold exacerbated his arthritis. The district court dismissed the case as frivolous, but the Fifth Circuit reversed, noting that the plaintiff "need not allege that he was seriously harmed, but merely that there was an injury in fact."

Similarly, in *Taylor v. Woods*, 211 F.App'x 240, 2006 U.S. App. LEXIS 26780 at *4 (5th Cir., October 26, 2006), the plaintiff complained of the failure to repair windows, resulting in exposure to freezing temperatures as well as wind and rain blowing into his cell. As a result, he stated that he suffered loss of sleep, mental anguish, and emotional distress. The plaintiff contended that he asked Captain Crozier in to turn off the exhaust vents because they brought in cold air, but the captain replied "quit breaking out the windows and it won't be cold in here." Sgt. Peterson broke out a window and removed some temporary coverings, and Sgt. Randall refused to turn on the heater, saying that the heat would just go out the window. The district court dismissed this claim as frivolous, but the Fifth Circuit reversed, stating that taking the plaintiff's allegations as true, he was arguably subjected to extreme cold without adequate protection and prison officials were deliberately indifferent to his health and safety.

In the present case, Plaintiff alleges only that he did not receive a blanket and that he spoke to Lt. Wilson about it, but nothing was done. This allegation is not sufficient to carry Plaintiff's burden of proof on Lt. Wilson's claim of qualified immunity with regard to the issue of deliberate indifference.[1] In *Gordon v. Pettiford*, 312 F.App'x 595, at *596, 2009 U.S. App. LEXIS 3878, (5th Cir., February 23, 2009), the plaintiff sued the warden of the Yazoo City Federal Correctional Institution and other prison officials contending that they denied him the use of a top blanket after it had been authorized by a medical doctor. The district court denied qualified immunity and the

---

[1] In this regard, it is important to note that both *Withrow* and *Taylor* involved reversals of district court findings that claims of exposure to cold were frivolous - in other words, that the claims lacked an arguable basis in fact or law. The present case, by contrast, is in a considerably different procedural posture because the Court is not screening for frivolousness but reviewing a motion for summary judgment. *Cf. Smith v. Harris*, 401 F.App'x 952, *952, 2010 U.S. App. LEXIS 23703 (5th Cir., November 15, 2010) (stating that "while we do not agree that the claim is frivolous, we are persuaded that the district court did not err in granting defendants' motion for summary judgment.")

warden appealed. On appeal, the Fifth Circuit recited the familiar standard that a prison official acts with deliberate indifference when he knows that inmates face a substantial risk of serious harm and disregards the risk; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Fifth Circuit stated that "the record contains nothing to support the inference that Warden Pettiford drew an inference that his actions exposed Gordon to a substantial risk of serious harm, and thus acted with deliberate indifference. Because Gordon has not made a threshold showing that Pettiford violated his Eighth Amendment rights, this court need not proceed further in the qualified immunity inquiry." Likewise, the record in the present case contains nothing to support an inference that Lt. Wilson drew an inference that his actions exposed Plaintiff to a substantial risk of serious harm.

In *Havard v. Jones*, civil action no. 3:09cv107, 2011 U.S. Dist. LEXIS 134859, at *7 (S.D. Miss., November 21, 2011), the plaintiff complained that the cold weather clothing provided to him at the South Mississippi Correctional Facility was inadequate, stating that he wrote to the warden and requested long underwear but was denied. The district court reasoned as follows:

> In order to state an Eighth Amendment claim based upon unconstitutional prison conditions, an inmate must allege conditions which pose a substantial risk of serious harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Furthermore, in order to hold a prison official liable for unconstitutional conditions, a plaintiff must establish subjective deliberate indifference on the official's part, i.e., that he was aware of the facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and that he actually drew the inference. *Id*. at 837, 114 S.Ct. at 1977; *see also Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). An allegation that Plaintiff wrote Defendant King a letter requesting long underwear, and that King denied the request, falls far short of this standard. For this reason, Plaintiff's claims regarding inadequate clothing will be dismissed.

Plaintiff has failed to allege subjective deliberate indifference in the part of Lt. Wilson and has thus failed to overcome Lt. Wilson's qualified immunity.

Even if Plaintiff's pleadings sufficiently alleged deliberate indifference, moreover, they suffer from an additional flaw. In raising a claim of exposure to cold, a prisoner need not allege serious harm, but must allege an injury in fact. *Withrow*, 275 F.3d 42 at *3. Plaintiff here does not

allege, much less show, any harm or injury in fact at all suffered as a result of the claimed exposure to the cold. *Compare Withrow*, 275 F.3d 42 at *3 (exposure to cold exacerbated prisoner's arthritis); *Taylor*, civil action no. 6:04cv380, 2005 U.S. Dist. LEXIS 50684, at *3 (E.D.Tex., June 22, 2005, *rev'd* 211 F.App'x 540 (exposure to cold caused loss of sleep, mental anguish, and emotional distress). This comports with established Fifth Circuit authority requiring a showing of some harm for a claim of deliberate indifference. *See, e.g.*, *Winston v. Stacks*, 243 F.App'x 805, 2007 U.S. App. LEXIS 13987, at *2 (5th Cir., June 14, 2007) (stating that the plaintiff did not allege and the records did not show that his medical condition was aggravated or that he suffered any injury or harm as a result of his work assignment, and so his claim of deliberate indifference was dismissed as frivolous and for failure to state a claim upon which relief may be granted). Because Plaintiff did not allege facts showing deliberate indifference on Lt. Wilson's part and did not allege facts showing that he suffered any type of harm or injury, he has failed to overcome Lt. Wilson's qualified immunity.

<u>RECOMMENDATION</u>

It is accordingly recommended that the Defendant Lt. Wilson's motion for summary judgment (Dkt. No. 122) be granted and the claims against Lt. Wilson be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 3rd day of January, 2023.

                                                                                _____
                                                                                J. Boone Baxter
                                                                                UNITED STATES MAGISTRATE JUDGE